CHARLES TIERNAN, APPELLANT, V. MILLER & LEITH ET AL.,
APPELLEES.

FILED SEPTEMBER 17, 1903. No. 13,058.

1. **Homestead Entry:** JURISDICTION. The courts of this state have no
jurisdiction to try and determine the validity of homestead en-
tries duly allowed by the officers of the land department of the
general government.

2. ———: INJUNCTION: LESSEE. A party entering public lands as a
homestead is entitled to the possession thereof and can not be
enjoined from exercising his right of possession by one who with-
out right held a prior possession. A lease of the land by the
homesteader gives the lessee a like right of possession.

APPEAL from the district court for Box Butte county:
JAMES J. HARRINGTON, DISTRICT JUDGE. *Affirmed.*

*R. C. Noleman,* for appellant.

*William Mitchell,* contra.

DUFFIE, C.

This action was brought by the appellant, praying an
injunction against the appellees enjoining them from as-
serting any exclusive control over numerous tracts of land
claimed by the appellant to be government land, and from
fencing the same or from driving the stock of plaintiff
from said land. As we understand the record, twenty-
nine homestead entries were made upon the lands in ques-
tion, and duplicate receipts were issued to the parties by
the receiver of the United States land office at Alliance.
Miller & Leith claim to have leased the lands embraced in
most of these homestead entries, and are about to fence
in the same and take exclusive possession thereof. It is
alleged that these entries are fraudulent, that Miller &
Leith furnished the money to pay the land office fees, and
also paid the entrymen certain sums for making said en-
tries, which it is charged were made for the benefit of
Miller & Leith; that the entries are a fraud upon the gov-

ernment and were made for the sole purpose of giving Miller & Leith a claim of right to the lands under which they are about to take exclusive possession thereof and to exclude the appellant therefrom, he having occupied a large portion of the lands with his herd of cattle for many years prior to the commencement of this action. The defendants filed a demurrer to the petition which was overruled—judge Harrington sitting in the case. Thereupon defendants filed a motion to dissolve the temporary injunction issued in the case, and, upon a hearing, the motion to dissolve was overruled and the temporary injunction continued. The hearing on this motion was before judge Harrington. At the next regular term of court, at which judge Westover presided, the plaintiff and appellant obtained leave to file a supplemental petition and thereupon a demurrer was interposed to the petition and supplemental petition which was sustained by the court, and the plaintiff refusing to amend or further plead, the injunction was dissolved and the plaintiff's petition dismissed. From this order the plaintiff has appealed to this court. The sufficiency of the petition being questioned both by demurrer and on motion to dissolve the temporary injunction issued thereon, and held sufficient by judge Harrington, it is now insisted that its sufficiency must be accepted as the law of the case and that judge Westover on the final trial was bound by these rulings.

In *Marvin v. Weider,* 31 Neb. 774, it was held that where the sufficiency of the petition was put in question by a demurrer interposed thereto, and the demurrer overruled and leave given to the defendant to answer, which he did, that it was error for another judge of the same district to sustain an objection to the introduction of any evidence on the ground that the petition failed to state a cause of action.

In *Kleckner v. Turk,* 45 Neb. 176, a demurrer was interposed to a petition and overruled, whereupon the defendant filed answer. The trial was had before another judge of the same district and after the reception of the evidence

the judge instructed the jury to return a verdict for the defendant for the reason that the pleadings, evidence and law would not sustain a different verdict. It was held that no error was committed, the reason given being that another element entered into the consideration of the case, namely, the evidence.

In *Perry v. Baker,* 61 Neb. 841, it was held that a judgment for defendant upon sufficient pleadings and evidence will not be reversed because another judge of the same court had, before the trial, sustained a general demurrer to the answer, the answer having been amended by leave of court after ruling on the demurrer, and this is the rule although no evidence is offered on the trial sustaining the allegation brought into the answer by such amendment. In the body of the opinion it is said:

"If a judge makes an erroneous ruling and afterwards in the trial of the case, with more exhaustive investigation of the question, finds his first ruling is wrong, he should not be bound by it. The principle of *res adjudicatu* does not apply. The first ruling does not become the law of the case so as to bind the court in the further proceedings therein. The court remains the same whether the *personnel* changes or not. So far as a different rule was announced in *Marvin v. Weider, supra,* that case ought to be overruled."

We conclude therefore from an examination of these authorities that where there are two or more judges of a district and one of them has passed upon the sufficiency of the petition or answer, his ruling does not become the law of the case and bind another who may be called upon to try the case on its merits, and especially is this the case where, as here, the pleadings have been changed and other elements have entered into the case. This brings us to a consideration of the case on its merits. The facts set forth in the plaintiff's petition and largely supported by his affidavits offered in resistance of the motion to dissolve the injunction, present a case which, if offered to the proper tribunal, would undoubtedly justify it in holding

that the homestead entries made upon the land in controversy were fraudulent in character and demand their cancelation. The trouble is, however, that no court, either state or federal, has jurisdiction at this time to investigate this question or pronounce judgment thereon. As said in *Reaves v. Oliver,* 3 Okla. 62, 41 Pac. 353:

"The title is yet in the United States and the questions affecting the rights of the several parties to acquire title is for the officers of the land department to deal with. The courts will not interfere with or attempt to determine any question involved before the land department while the title is yet in the United States. The courts will only deal with the question of possession, and in order to do this will look into the record sufficiently to advise itself as to the true status of the parties in that department. Whenever the facts are undisputed the courts will apply the law to the status of the parties, as justice may require."

In this case it is shown that the land in controversy has been entered under the homestead act and the land officers, in allowing the homestead entry, are required to pass upon the qualifications of the entrymen, and the courts will not inquire into or pass upon any question of fact properly belonging to the department while such matters are pending therein. The congress of the United States has placed the disposal of the public lands with the secretary of the interior under rules and regulations to be established by his department. Until the title has passed from the government the courts will not interfere in the administration of the law by the land department.

In *Marquez v. Frisbie,* 101 U. S. 473, it is said:

"We have repeatedly held that the courts will not interfere with the officers of the government while in the discharge of their duties in disposing of the public lands, either by injunction or mandamus, and we think it would be quite as objectionable to permit a state court, while such a question was under the consideration and within the control of the executive departments, to take jurisdic-

tion of the case by reason of their control of the parties concerned, and render decree in advance of the action of the government, which would render its patents a nullity when issued. After the United States has parted with its title, and the individual has become vested with it, the equities subject to which he holds it may be enforced, but not before."

· So long as the homestead entries made by the parties mentioned in appellant's petition remain uncanceled by the land department of the United States, these parties have a right to the possession of the lands embraced within their homestead entry, and they may lease such lands, or such portion of them as they desire, to third parties. The plaintiff not having a prior right acquired under some law of the United States, can not interfere with that possession or dispute the right of the homestead claimant, except by proceedings in the land department, until title has passed from the United States, when the land and the right thereto may become the subject of inquiry in the courts. If the homestead entries in question are fraudulent, the land department has not only ample but exclusive jurisdiction to deal with that question. If the officers of the land department have acted fraudulently in passing upon adverse claims of title to the land, or if they have mistaken the law and given it to one party where the law properly construed would award it to another, then, the courts may right the fraud or correct the unlawful holding. As said in *Marquez v. Frisbie, supra:*

"The rule which governs the courts in the effort to correct any error in such decision has been so repeatedly stated here as to leave no room for doubt or misconstruction. That principle is, 'that the decision of the officers of the land department, made within the scope of their authority, on questions of this kind, is in general, conclusive everywhere, except when considered by way of appeal within that department; and that, as to the facts on which their decision is based, in the absence of fraud or mistake, that decision is conclusive even in courts of justice, when

Tiernan v. Miller & Leith.

the title afterwards comes in question. But that in this class of cases, as in all others, there exists in the courts of equity the jurisdiction to correct mistakes, to relieve against frauds and impositions, and in cases where it is clear that these officers have, by a mistake of the law, given to one man the land which, on the undisputed facts, belonged to another, to give appropriate relief.' "

These principles were fully discussed in *Smiley v. Sampson,* 1 Neb. 56, and *Morton v. Green,* 2 Neb. 441. There is a class of cases of which the courts take jurisdiction to protect and preserve the possessory rights of parties who have entered upon government land and who can connect themselves with the land by some color of title or possessory claim or right under some statute of the United States with a view of entering it as a homestead or preemption claim. Where two parties claim such right of possession, the courts will interfere to protect the party whose right was first acquired, and while the question of priority between the parties is being determined by the land department of the general government. Could the plaintiff in this action show that he was in possession of this land under any claim of homestead or preemption, or any other right growing out of our public land laws, the court would protect his possession until the land department of the general government examined the case and determined that such possession was subordinate to that of the party seeking to oust him. But the facts in this case are the reverse of what is necessary to give the court jurisdiction. Plaintiff, without claim of right to the land, is seeking to enjoin those who claim under a homestead entry made at the proper land office of the United States from taking possession, and is asking the court to usurp the exclusive jurisdiction of the land department by declaring fraudulent and void homestead entries allowed by that department. This, the court has not power to do. The judgment of the district court was right and we recommend that it be affirmed.

POUND and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.