(April 21, 1909.)

GEORGE STELTZ, Respondent, v. HENRY A. MORGAN, Appellant.

[101 Pac. 1057.]

TRESPASS—CONSTRUCTIVE POSSESSION—TAX TITLE—RIGHT OF POSSESSION UNDER TAX TITLE.

1. Under an action of trespass *quare clausum fregit* where the plaintiff does not allege title either in fee or for a term in himself, he must show actual possession of the realty at the time of the trespass.

2. A legal and valid conveyance of real estate, whether it be by tax deed or deed from the original owner, carries with it a *prima facie* right of possession, and where the property is vacant and unoccupied, the constructive possession of the premises is deemed to be in the holder of the title.

3. In order for one who was the original owner of real estate and whose title has been divested through taxation and a tax deed, to maintain an action of trespass against the holder of a valid tax deed for entering into possession of the premises, such original owner must maintain and be in actual possession of the premises at the time of the trespass.

4. The holder of a tax title to real estate who finds the property unoccupied may enter upon and take actual possession of the premises, and in doing so he is not liable to the original owner of the property whose title has been divested by the tax deed.

5. A tax deed has no more force or effect as a writ of assistance for procuring the possession of real estate than any other deed, and the holder of such deed who finds the property occupied must, if the occupant refuses to surrender possession, resort to the same legal remedy for possession as the holder of any other deed would employ.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District, for the County of Latah. Hon. Edgar C. Steele, Judge.

Action by the plaintiff for damages occasioned by trespass on real estate. Judgment for plaintiff and defendant appealed. *Reversed.*

W. E. Stillinger, for Appellant.

"The law does not require, to perfect a tax title, that the divested owner shall voluntarily place the purchaser in possession, or that the purchaser shall, in the absence of resistance, institute legal proceedings and be put in possession by the sheriff; but the purchaser may himself take possession whenever he can do so without difficulty." (2 Cooley on Taxation, p. 1056.)

One may maintain trespass for injury to his possession only when he has the actual possession and so alleges, or when he is the owner in fee and further shows by his peti-

tion that the land is unoccupied and the plaintiff has the constructive possession thereof. (*Canavan v. Gray*, 64 Cal. 5, 27 Pac. 788.)

S. S. Denning, for Respondent.

If the plaintiff was in possession of the premises at the time the alleged trespass was committed, that is all that is necessary to give the right of action, as his possession need not continue up until the time of suit. (Suth. on Dam., sec. 1009.)

AILSHIE, J.—This action was instituted by George Steltz, as administrator of the estate of Gray Sterling, deceased, for the purpose of recovering from defendant the sum of $2,000 damages for a trespass on real estate. Plaintiff alleges that he is the duly appointed and acting administrator of the estate of Gray Sterling, deceased, and that at the time of the death of Gray Sterling, she was in the actual and peaceable possession of lot 2 of block 24 of the town of Genesee, and that ever since her death the plaintiff, as administrator, has been in the actual, peaceable and quiet possession of that property. It is further alleged that in January, 1908, the defendant forcibly, wrongfully, unlawfully and maliciously entered and trespassed upon this property, and pulled down and destroyed one building thereon of the value of $500, and by reason thereof the estate has been injured and damaged in the sum of $1,500. Defendant denied specifically all the material allegations of the complaint, except the taking down and removing of the house and the official character of the plaintiff as administrator of the estate of Gray Sterling, deceased. Defendant further answered and alleged that in the year 1902 the lot in question belonged to one Maggie Anderson, and that in September of that year she conveyed and transferred the property to Gray Sterling; that Gray Sterling died about the month of October, 1902, and that thereafter the plaintiff was appointed administrator of her estate; that the property in question, lot 2 of block 24 of the town of Genesee,

was duly and regularly assessed for taxation for the year
1902, to Maggie Anderson, and the taxes so assessed were
not paid, and thereafter became delinquent; that the prop-
erty was duly and regularly advertised for sale for nonpay-
ment of the taxes, and at the sale, no buyer appearing, the
property was struck off to Latah county, that after the ex-
piration of the time for redemption, the assessor made, exe-
cuted and delivered to the county of Latah a tax deed in
conformity with law; that thereafter the county of Latah
sold the property at public auction, as provided by law, to
one John Thompson; that Thompson thereafter sold and
transferred the property to one Joseph Hasfurther, and that
the latter thereafter sold the house standing on this lot to
the defendant Morgan. Morgan alleges that subsequent to
the purchase of the house he entered upon the premises and
tore down the building and removed it, and that the prop-
erty so removed was his own property.

The plaintiff made no attempt at the trial to show title to
the property, but rested upon possession alone. The defend-
ant introduced his evidence showing chain of title through
tax deed for taxes assessed for the year 1902. Plaintiff did
not question the regularity of the tax sale nor of the tax
title. Plaintiff's position is perhaps best illustrated by the
objection that was interposed by his counsel to the intro-
duction of tax deed and other records establishing his chain
of title, which objection is as follows: "Objected to on the
ground that even supposing the parties had purchased a
tax title, and were acting under this tax title, and though
the tax title may show *prima facie* evidence of title, still the
parties holding such tax title cannot proceed summarily and
take possession of the property without due process of law;
second, that the defendant has neither pleaded justification
or any fact in mitigation of damages which this only could
go to." As we understand it, the foregoing objection really
embodies the contention of the respondent in this court.
The evidence in the case is brief and simple and there is no
substantial conflict in any material fact. The plaintiff had
been renting this property from time to time as occasion

offered, but the property had not been occupied for from three to six weeks prior to defendant's entry and removal of the building. This building is described by most of the witnesses as a small board building that had been intermittently occupied during the last six or eight years by sporting women for purposes of prostitution. The house at the time Morgan entered and tore it down, and, in fact, for some weeks prior thereto, had been in a dilapidated condition,— one door being gone entirely and the other standing open; the windows were all out and gone; the door was broken through and the roof was also broken through. The house was untenanted and no one was in actual possession of the house or of any part of the lot at the time Morgan entered. The two following propositions are fully established by the record: First, that plaintiff, who is respondent here, did not rely upon or attempt to establish title to the property or question defendant's title. Second, that he was not in actual possession of the property at the time of the alleged trespass. In order, therefore, to determine whether or not the respondent was entitled to recover in the court below, it is necessary to determine what the law really is as applied to the foregoing state of facts.

The action of trespass as we received it from the common law, and, in fact, as it still exists in this country, was that of "trespass *quare clausum fregit*" and "trespass on the case." The former was the remedy resorted to by one in the possession of real estate as against one who wrongfully and forcibly entered upon the premises. The latter was the remedy given to the owner of the fee for a trespass where the damage was peculiar to the land itself. While these forms of action have been abolished by our constitution and statutes, the right of action itself as it existed at the common law still exists under the code. The distinction between these two rights of action is very clearly considered in *Casey v. Mason*, 8 Okl. 665, 59 Pac. 252. In the case at bar respondent relies on his possession. Since he was not in actual possession of the property at the time of the entry by appellant, he is bound to rely on a constructive possession. The question then arises as to whether the original owner of

the property, not in the actual possession thereof, can assert a constructive possession for the purpose of maintaining his action in trespass as against the true owner who deraigns his title through a tax deed.

It is argued by counsel for respondent that a tax deed does not and cannot operate as a writ of assistance to put the purchaser into possession of the property. That contention must at once be conceded as sound and correct. It is equally true that the holder of a valid deed to real estate, whether it be a tax deed or a deed from the owner himself, impliedly and constructively has the possession of the property described in the deed. Of course such constructive possession as a justification for an entry is not equal or paramount to an actual possession by another, but it is abundant warrant for the grantee therein named to take possession of the property where it is vacant or not actually occupied by another. In other words, the grantee named in a valid tax deed is entitled to take possession of the property described in the deed if he can do so peaceably and quietly.

Mr. Cooley, in his work on Taxation, 3d ed., vol. 2, p. 1056, speaking of the right of possession under tax deed, says:

"The purchaser, if he finds the lands occupied, may bring ejectment in the common-law courts and obtain possession, and if, on the other hand, he finds the land unoccupied and takes possession without suit, the original owner may have the like remedy against him." In the footnote to the foregoing passage, the author makes the following quotation from *Martin v. Langenstein,* 43 La. Ann. 789, 9 So. 507: "The law does not require, to perfect a tax title, that the divested owner shall voluntarily place the purchaser in possession, or that the purchaser shall, in the absence of resistance, institute judicial proceedings and be put in possession by the sheriff, but the purchaser may himself take possession whenever he can do so without difficulty."

The supreme court of Iowa, in *Moingona Coal Co. v. Blair,* 51 Ia. 47, 1 N. W. 768, held that "the holder of a tax deed will be deemed to be in possession of unoccupied land, and if such possession is uninterrupted during five years from the date of execution and recording of the tax deed, the title

acquired thereby becomes perfect and complete.'' That case was followed and approved in *Rice v. Haddock,* 70 Ia. 318, 30 N. W. 579, the court saying: ''The holder of a tax deed to unoccupied lands has constructive possession thereof.''

In *Casey v. Mason, supra,* the court said:

''A plaintiff may maintain trespass for injury to his possession only when he is in the actual possession, and so alleges, or where he is the owner of the fee, and further shows by his petition that the land is unoccupied, and the plaintiff has the constructive possession thereof. He may also maintain an action in the nature of trespass on the case, where he alleges that he owns the legal title, and further sets out such a state of facts as will show that the injury is an injury to the real estate. These rules are fundamental, because if one has no possession of a certain tract of land, either actual or constructive, no right of his can be invaded by going thereon; and one having no legal title to real estate, either in whole or a reversionary interest therein, cannot be damaged by the destruction of buildings or trees, or any of the appurtenances thereon or thereunto belonging, because he has no interest in the land. Where there is no right there can be no remedy.''

As we understand the authorities, as well as the reason and justice of the matter, the rule is this: If one who was the original owner of real estate lost his title through taxation and a tax deed, and still would maintain an action of trespass against the holder of the tax deed for entering into possession, he must maintain actual possession of the premises. The constructive possession which ownership of real estate usually confers upon the owner is not a sufficient possession as against the owner and holder of a tax title who takes actual possession of such property. Morgan's grantee was the owner of the title to this property, so far as the record shows in this case. He was therefore entitled to the possession. He consequently had a right to sell the building to Morgan, and the sale of the building carried with it the right to enter and remove the building. The title and right would not have justified either Morgan or his grantor

in committing a breach of the peace or using force or violence in entering upon the premises. On the other hand, it was sufficient warrant and authority for his entry and removal of the property when he found it unoccupied.

Under the law as applicable to this case, it was the duty of the trial court to instruct the jury to return a verdict in favor of the defendant. A new trial must therefore be granted, and it is so ordered, and the cause is remanded. Costs awarded in favor of appellant.

Sullivan, C. J., and Stewart, J., concur.

Petition for rehearing denied.