## CENTRAL COAL & LUMBER CO. v. BOARD OF EQUALIZATION OF LE FLORE COUNTY.

No. 9087—Opinion Filed June 4, 1918.

(173 Pac. 442.)

**1. Appeal and Error — Judgment on Conflicting Evidence—Review.**

Where a cause is submitted to the trial court upon conflicting evidence, and there is competent evidence reasonably tending to support it, judgment rendered thereon will not be disturbed on appeal.

**2. Taxation—Indian Lands—Improvements.**

Improvements placed upon Indian land not subject to taxation under the terms of a lease expiring at a specified time, which provides that such improvements should not be removed, but remain upon and become

the property of the lessor as a part of the consideration for the lease, but gives the lessee control and ownership during the life of the lease, are personal property and subject to taxation until the lease expires.

(Syllabus by Springer, C.)

Error from District Court, Le Flore County; W. H. Brown, Judge.

The Central Coal & Lumber Company appealed from an order of the Board of Equalization of Le Flore County, Okla., raising an assessment and refusing a petition to vacate the order and from a judgment of the district court on appeal in favor of the Board, plaintiff brings error.   Affirmed.

Oglesby, Cravens & Oglesby, for plaintiff in error.

Eben L. Taylor, for defendant in error.

Opinion by SPRINGER, C.   The parties will be referred to as plaintiff and defendant in the order in which they appeared in the court below.

The plaintiff returned its property for assessment to the assessor for Le Flore county, who made return showing an aggregate assessed valuation of $49,109. The board of equalization of Le Flore county raised the assessment to $135,875. The plaintiff appeared before the equalization board at the session at which the assessment was raised for the purpose of having the action of the board vacated and set aside. The matter was presented to the board of equalization without written pleadings; it being agreed that the same might be waived. The board refused to vacate its order raising the assessed valuation as returned by the assessor, and the plaintiff then filed a written protest and a petition against the action of the board, and the board then refused to grant the petition or vacate the order and the plaintiff appealed to the district court of Le Flore county, Okla.

The plaintiff also alleged in its objection and in its petition for appeal that in the assessment returned by it to the assessor there was inadvertently included 150 houses each located upon leased lands belonging to the Choctaw and Chickasaw Tribes of Indians, which at the termination of the lease belonged to the lessor and were not subject to taxation, and this assessment in the aggregate sum of $13,750 should be excluded from the assessment so that it should stand at $41,190 as returned, less the amount that it alleged was inadvertently included in the return made to the assessor.

The matter was presented to the board of

equalization of Le Flore county, which heard and determined the petition and objections upon conflicting testimony. The testimony for the plaintiff tending to show that the property was returned by the assessor at its fair market cash value and the evidence of the defendant disputing that proposition tends to show that the property was worth in the aggregate the amount fixed by the defendant. The testimony was taken before the board of equalization by the reporter of the county court, and by him transcribed and filed in the district court as provided by law.

The case came on for trial in the district court of Le Flore county at the November, 1916, term, and was presented upon the testimony taken upon the proceedings before the board of equalization, and the court, after having heard the testimony so taken, which was conflicting as to the value of the property, decided in favor of the defendant and against the plaintiff.

It is the rule of this court that the judgment of the trial court rendered upon conflicting evidence will not be disturbed, where there is competent evidence reasonably tending to support the judgment.

It is next contended by the plaintiff that there should have been excluded from the return of it to the assessor the sum of $13,-750, because of a provision in the lease.

"And not to remove therefrom any buildings or improvements erected thereon during said term by the Choctaw Coal & Mining Company, the party of the second part, but said buildings and improvements shall remain a part of said land and become the property of the owner of the land as a part of the consideration for his lease, in addition to the other considerations herein specified."

It is the contention of the plaintiff that the houses which were returned by it in the assessment to the county assessor, being erected upon Indian lands belonging to the Choctaw and Chickasaw Tribes of Indians, were not assessable; the lands themselves belonging to Indians, and not being subject to taxation, the houses erected thereon, under the above and foregoing provision of the lease, were likewise not subject to taxation. With this contention we cannot agree. This lease, under which the houses were erected, was entered into in 1899 and runs for a period of 30 years thereafter. The record in this case shows that the plaintiff in this action had charge of the houses and exercised supervision and ownership over them; that it rented the houses to its employes and collected the rents therefor.

We believe that this lease. properly construed, means that the houses do not become the property of the owners of the land until after the expiration of the lease and all of the rights of the lessee under it cease.

Finding no error on the part of the trial court, its judgment is in all respects affirmed.

By the Court: It is so ordered.