## DAVIS et al. v. TAYLOR.

No. 31516. Oct. 31, 1944.

Rehearing Denied Nov. 28, 1944.

*153 P. 2d 231.*

Steele & Boatman, of Okmulgee, for plaintiffs in error.

J. Harry Swan, of Oklahoma City, for defendant in error.

PER CURIAM. On the 25th day of July, 1941, George Taylor, hereinafter referred to as plaintiff, filed his action against Boyd Davis, George Roberts, J. K. Wells, and George Frey to recover the value of a certain building located on the S.E.¼ of section 21, township 12 N., range 13, in Okmulgee county, Okla. The defendants demurred to the evidence offered by plaintiff and at the conclusion of the evidence moved for a directed verdict. The demurrer was overruled and the motion for directed verdict was denied. Judgment was for the plaintiff for the value of the property in the sum of $350, and the defendants appeal.

The record discloses that the said quarter section of land was owned by the Oklahoma Coal Company for a number of years. In connection with its business it constructed numerous buildings on the land, among them dwelling houses and a store room. This store room was a one-room building and was purchased from the agent of the Oklahoma Coal Company by the plaintiff in 1932 and remained on the premises. Plaintiff resided thereon in a room built onto the store building. He was a bachelor having no family and lived there by himself. On the 11th day of September, 1939, Theodore Davis acquired the entire quarter section by a deed from the county commissioners, who had acquired it for delinquent taxes. On the 15th day of February, 1941, Theodore Davis transferred the property by quitclaim deed to Boyd Davis. Defendant Davis commenced an action in forcible entry and detainer and obtained the possession of the premises. During the period of occupancy of the store room and thereafter it had become dilapidated and the roof was off. Subsequent to the date of the purchase of the property by Theodore Davis and after the action in forcible entry and detainer had been commenced and a judgment had been obtained, the defendant Boyd Davis had been requested to allow the plaintiff to take the remaining lumber of the store room from the premises. The plaintiff was denied this right. While execution was pending the plaintiff commenced an action in the superior court of Okmulgee county to enjoin the defendant Davis from molesting him in his property rights, and the court denied an injunction. The property was removed from the premises by the defendant Davis, and plaintiff began this action in conversion which terminated as described above.

The defendants in eight general allegations of error have presented three general propositions. We are, of the opinion, and hold, that the second proposition is determinative of the issue involved in this proceeding. Therein defendants contend that the court erred in refusing to direct a verdict for the defendants. Defendants argue that the building was subject to taxation as real

property with the land as provided by section 12331, O. S. 1931, which is as follows:

"Real property for the purpose of taxation shall be construed to mean the land itself, and all buildings, structures and improvements or other fixtures of whatsoever kind thereon, and all rights and privileges thereto belonging or in any wise appertaining, and all mines, minerals, quarries and trees on or under the same."

There was no evidence that it had ever been separately assessed as personal property, and it was error for the trial court to submit the issue to the jury. It is the general rule that for the purpose of taxation real property includes buildings affixed to the land, and an agreement between the landlord and tenant to the contrary does not affect the right of taxing authority. 51 Am. Jur., Taxation, § 416, 418. See, also, Steltz v. Morgan, 16 Idaho, 368, 101 P. 1057.

The cause is reversed and remanded, with directions to the trial court to vacate the judgment for the plaintiff and to enter judgment for the defendants.

CORN, C.J., GIBSON, V.C.J., and BAYLESS, HURST, and ARNOLD, JJ., concur.