George C. KEYES, Oklahoma County Assessor, Appellant,

v.

PENN SQUARE MALL LTD. PARTNERSHIP, Appellee.

No. 76635.

Court of Appeals of Oklahoma, Division No. I.

March 3, 1992.

Robert H. Macy and Hugh A. Manning, Oklahoma City, for appellant.

Arthur F. Hoge, III, Oklahoma City, for appellee.

William P. Bleakley and Linda Maria Meoli, Oklahoma City, for amicus curiae Oklahoma State School Boards Ass'n and Independent School Dist. No. 37 of Oklahoma County, Okl.

Steven L. Tolson and J. Clayton La Grone, Oklahoma City, for amicus curiae Remington Park, Inc.

BAILEY, Judge:

Appellant George C. Keyes, Oklahoma County Assessor (Assessor), seeks review of the Trial Court's order finding that improvements to certain real property leased by Appellee Penn Square Mall Ltd. Partnership (Penn Square) should be assessed as real property. Herein, Assessor urges that the questioned property should be assessed as personal property.

Penn Square consists of buildings on and other improvements to real property, which real property is owned by third-parties and subject to a long-term lease in favor of Penn Square. In 1989, and again in 1990, Assessor proposed to assess Penn Square at the 15% value ratio for personal property based on the fair cash value thereof. Penn Square filed protest of these assessments with the Oklahoma County Board of Equalization. Although the Board reduced

the fair cash value, it affirmed assessment of Penn Square at the 15% value ratio for personal property instead of 11% for real property.

Penn Square appealed to the District Court. The parties stipulated to Penn Square's value, and submitted the issue of whether the Penn Square should be assessed as real or personal property to the District Court by motion for summary judgment on undisputed facts.[1] The District Court granted summary judgment to Penn Square, determining Penn Square should be assessed as real property. Assessor appeals as aforesaid.

■ Herein, Assessor contends that because the subject matter of the assessments is improvements to real property not owned by Penn Square, such improvements should be treated as personal property.[2] Under the cited authority, Assessor asserts the *improvements* to Penn Square are "simply not subject to" the same mode and rule of taxation as other property and, therefore, are included in this statutory definition of personal property.[3]

■ We find Assessor's argument unpersuasive. The statute defines personal property as improvements upon lands owned by a railway company or other corporation whose *property* is not subject to the same mode and rule of taxation as other property. In Assessor's cited case, the improvements taxed as personal property were built on real property owned by Indian tribes whose *property* was not subject to the same mode and rule of taxation as other property; i.e., Indian real property was tax exempt. In the instant case, Assessor does not argue—nor does the record indicate—that the real property which Penn Square leased and upon which it added improvements is not subject to taxation as other property. Moreover, the real property leased by Penn Square is owned by private third-parties, not a railway company or corporation. Because a tax statute must be strictly construed and cannot be extended to include something not specifically included in its language,[4] we reject Assessor's proposition.

For ad valorem tax purposes, the term "real property" includes the property itself *and* "all buildings, structures and improvements or other fixtures of whatsoever kind thereon, *exclusive* of such machinery and fixtures on the same as are, for the purpose of ad valorem taxation, defined as personal property."[5] As applied to the instant case, we find the improvements on the real property leased by Penn Square as outside the definition of personal property for ad valorem tax purposes. We further find the statutory definition of real property dispositive as including within its purview the improvements to the real property leased by Penn Square. We therefore find no error by the District Court in determining Penn Square be assessed at the rate for real, not personal, property.

The order of the Trial Court is therefore AFFIRMED.

GARRETT, P.J., and ADAMS, J., concur.

---

1. The District Court consolidated the appeals as to both the 1989 and 1990 assessments.

2. For purposes of assessment of ad valorem tax, section 2420, Title 68 O.S. (Supp.1990) defines personal property as including "all improvements including elevators and other structures, upon lands, the title to which is vested in any railway company or other corporation whose property is not subject to the same mode and rule of taxation as other property...."

3. As illustrative of the application of 68 O.S. § 2420 (and the predecessor statute), Assessor cites *Central Coal & Lumber Company v. Board of Equalization,* 70 Okl. 131, 173 P. 442 (1918). In that case, a private corporation leased from two Indian tribes a parcel of real property exempt from taxation. The corporation built houses on the property which were found to be taxable as personal property because the real property upon which the houses were built was owned by Indian tribes and not subject to taxation as other property.

4. *Oklahoma Industries Authority v. Barnes,* 769 P.2d 115, 118 (Okl.1988).

5. 68 O.S.1981 § 2419. (Emphasis added).