## In re FARMERS' STATE BANK OF AMES, OKLA.

## JOHNSON, State Bank Com'r. v. GOLTRY.

No. 27708. Dec. 7, 1937.

Rehearing Denied Jan. 11, 1938.

A. Francis Porta, for plaintiff in error.

Harry O. Glasser, for defendant in error.

HURST, J. This case arises out of the insolvency and liquidation of the Farmers' State Bank of Ames, Okla. The case was tried under an agreed statement of facts, in substance as follows: On February 13, 1934, the bank was declared insolvent by the State Bank Commissioner, who thereupon took charge of the assets of the bank for the purpose of liquidation. He caused notice to be given as prescribed by section 9175, O. S. 1931, calling on all persons who had claims against the insolvent bank to present and prove the same. All persons who filed and proved their claims received full payment thereon; but there were several depositors and creditors who did not file their claims, either within the time provided in the notice or within a period of two years after the insolvency of the bank. On October 28, 1935, the district court of Major county, in the insolvency proceedings, made an order directing payment of full and final dividend to the creditors and depositors of said bank. The court at the same time found that unclaimed deposits remaining in the hands of

the Bank Commissioner, by operation of law, revert to the state of Oklahoma, and should be delivered by the Bank Commissioner to the State Treasurer. On January 6, 1936, and before the funds represented by the unclaimed deposits had been delivered to the State Treasurer, the petitioner, S. T. Goltry, filed an application in the insolvency proceeding wherein he alleged that he was the president of the Farmers' State Bank of Ames and owned 83% of its stock. In his petition he asked the court to set aside its order of October 28, 1935, and to restore to the stockholders of the bank all assets remaining undisposed of in the hands of the Bank Commissioner. On October 15, 1936, judgment was rendered in favor of petitioner and against respondent Bank Commissioner, and the order of October 28, 1935, in so far as it purported to escheat the unclaimed funds to the state, was set aside and held for naught, and the Bank Commissioner was ordered to pay the stockholders of the Farmers' State Bank of Ames all funds then remaining in his hands as a result of the liquidation of said bank. The court found that all depositors and creditors who had filed their claims had been paid in full, and there remained, in the hands of the Bank Commissioner, unclaimed deposits in the sum of $1,705.45, but that all depositors who had not filed their claims were barred and have no lien or claim upon these funds. The Bank Commissioner brings this appeal, and seeks reversal by reason of the provisions of section 9178, O. S. 1931, as follows:

"Dividends remaining unpaid in the hands of the Commissioner for six months after the order for final distribution shall be by him deposited in one or more banks, trust companies or savings banks to the credit of the Commissioner, in his name of office, in trust for the several depositors and creditors of the liquidated corporation from which they were entitled thereto; and no provisions shall be made for paying unclaimed deposits unless proof of claim has been made as provided hereunder within two years from the date on which the Bank Commissioner takes over the assets of the liquidated corporation and the owners of such unclaimed deposits shall be forever barred from participating in any of the assets of said corporation, unless proof of claim is so made within the said two years. All such unclaimed deposits and the funds remaining in the hands of the Bank Commissioner at the end of the said two (2) years shall revert to the state of Oklahoma and shall be delivered by the Bank Commissioner to the State Treasurer as other fees earned by the State Banking Department."

On the other hand, the petitioner relies on section 9173, O. S. 1931, which provides, in part:

"* * * If, after the liquidation of such insolvent corporation, wherein the depositors and creditors of said insolvent corporation shall have been paid in full, there remain in the hands of the Bank Commissioner any assets, such remaining assets shall revert to the stockholders of said insolvent corporation. * * *"

The petitioner does not attack the constitutionality of these sections. The sole question is one of construction, and it does not appear that the sections have been construed before. Neither party to the action cites any authority in support of the meaning he has chosen to place upon the sections.

The Bank Commissioner argues that section 9178, supra, is unequivocal and self-executing in declaring that the unclaimed deposits, representing the amount still due to depositors and creditors, shall revert to the state at the end of two years. He interprets section 9173, supra, as a grant to the stockholders of all remaining sums, which would represent assets.

The petitioner, however, contends that the "creditors" of the bank are only those persons who have proved their claims, whether previously in the category of depositors or creditors, and since all such persons have been paid, the remaining funds, of whatever nature, revert to the stockholders by the plain terms of section 9173, supra. The petitioner further contends that section 9178 clearly indicates that the unclaimed deposits revert to the state only when the depositors proving their claims have not been paid in full, and that when such depositors have been paid in full, the unclaimed deposits revert to the stockholders.

But we cannot agree with the interpretation urged by petitioner. These sections are not conflicting and their language is plain and unequivocal. By section 9178, supra, the Bank Commissioner is ordered to deposit the money not yet paid out, in one or more banks and hold it in trust for the depositors and creditors who shall be entitled thereto, and if not claimed within the prescribed time, "such unclaimed deposits and funds" shall revert to the state. Section 9173, supra, grants to the stockholders "any assets" that may remain in the hands of the Bank Commissioner, after the depositors and creditors "shall have been paid in full." The contention of petitioner is repugnant to the exact provisions of this section. It cannot be said

that all depositors and creditors have been paid, so long as there are depositors who in fact have not been paid. The fact that no claim has been filed by a depositor makes him none the less a depositor of the bank.

It is the duty of the court, as far as practicable, to reconcile the different provisions of a statute, so as to make them consistent and harmonious, and to give a sensible and intelligent effect to each. Trapp v. Wells Fargo Express Co. (1908) 22 Okla. 377, 97 P. 1003.

The Bank Commissioner is entitled to receive the unclaimed deposits and funds involved in this controversy, to be dealt with in accordance with the views herein expressed. The judgment is therefore reversed, with directions to enter judgment accordingly.

OSBORN, C. J., and RILEY, WELCH, PHELPS, CORN, GIBSON, and DAVISON, JJ., concur. BAYLESS, V. C. J., absent.