In the Matter of the ASSESSMENT OF 1969 of Certain Property Owned by CRES-CENT PRECISION PRODUCTS, INC.

No. 44461.

Supreme Court of Oklahoma.

Sept. 25, 1973.

S. M. Fallis, Jr., Dist. Atty. Marvin E. Spears, Asst. Dist. Atty., Tulsa County, for appellant, County Assessor of Tulsa County.

Jones, Givens, Brett, Gotcher & Doyle, Tulsa, for appellee, Crescent Precision Products, Inc.

J. A. Deasy, Jr., Pittsburgh, Pa., John M. Luttrell, Luttrell, Pendarvis & Rawlinson, Norman, for Westinghouse Electric Corp., amicus curiae.

John Livingston, Pray, Scott & Livingston, Tulsa, for Braden Industries, Inc., amicus curiae.

Richard Wright, III, Farmer, Woolsey, Flippo & Bailey, Tulsa, for LaBarge, Inc., amicus curiae.

A. M. Widdows, Angus A. Davidson, Tulsa, for Center Line, Inc. and Empire Foundry, amicus curiae.

Lance Stockwell, Boesche, McDermott, & Eskridge, Tulsa, for Youngstown Sheet and Tube Co., amicus curiae.

Roger A. Brown, Oklahoma City, for Star Manufacturing Co., amicus curiae.

James A. Robinson, Rogers, Bell & Robinson, and M. Darwin Kirk, Rucker, Tabor, McBride & Hopkins, Tulsa, for Tulsa Chamber of Commerce and the Chambers of Commerce of Okla. City, Lawton, Enid, Muskogee, Norman, Durant, El Reno, Anadarko, Miami, Haskell, Frederick, Moore, Davis, Temple, Wagoner, Clinton, Hobart, Cache, Hinton and Central Oklahoma, Oklahoma State, amicus curiae.

WILLIAMS, Vice Chief Justice.

This is an appeal by the County Assessor of Tulsa County from the judgment of the District Court of Tulsa County in a case in which the facts were stipulated and only a question of law—the proper construction of Article X, § 6A, Oklahoma Constitution —was presented.

The section, separated into numbered clauses to facilitate discussion, is as follows:

"[1] All property consigned to a consignee in this State from outside this State to be forwarded to a point outside this State, which is entitled under the tariffs, rules, and regulations approved by the Interstate Commerce Commission to be forwarded at through rates from the point of origin to the point of destination, if not detained within this State for more than ninety (90) days, shall be deemed to be property moving in interstate commerce, and no such property shall be subject to taxation in this State; [2] provided, that goods, wares and merchandise, whether or not moving on through rates, shall be deemed to move in interstate commerce, and not subject to taxation in this State if not detained more than nine (9) months where such goods, wares and merchandise are so held for assembly, storage, manufacturing, processing or fabricating purposes; [3] provided, further, that personal property consigned for sale within this State must be assessed as any other personal property."

This section of our Constitution was adopted by the people on Sept. 17, 1968. In a directive published Jan. 17, 1969, the Oklahoma Tax Commission construed the second clause above as being applicable to manufacturers insofar as their inventory "detained" in Oklahoma for less than 9 months is concerned. The Commission also pointed out that property "consigned for sale" within Oklahoma was subject to tax.

Crescent Precision Products, Inc., hereinafter called taxpayer, is an Oklahoma manufacturing concern engaged primarily in the manufacture of helicopter parts. The portion of its inventory here involved consists of goods, wares and merchandise purchased outside the State of Oklahoma and shipped to its plant in Tulsa County; and the great bulk of taxpayer's finished products are shipped, within less than 9 months after the goods, wares and merchandise are received, to points outside the State of Oklahoma for delivery to the purchaser.

The county assessor, not agreeing with the commission's construction of § 6A, thereafter assessed the personal property of taxpayer for the year 1969 without excluding any part of the inventory under such second clause. Taxpayer filed a protest with the Tulsa County Board of Equalization, which sustained the protest and held the property not subject to taxation. The county assessor then appealed to the District Court of Tulsa County which, after receiving a stipulation as to the facts and some documentary exhibits, entered judgment for taxpayer holding the property not subject to taxation and sustaining the position of the board, with minor modifications not material to this appeal.

The county assessor then appealed to this Court, which assigned the matter for decision to the Court of Appeals, Division No. 1. That court, in an opinion not officially reported, reversed the trial court's judgment and remanded the cause with directions to enter judgment for the assessor. The appeal is now before this Court on application for certiorari.

■ One question presented by appellant assessor is whether in order for an inventory to be not subject to taxation under the amendment it must have been consigned to a taxpayer within the State, not the owner of the property shipped. Two of his propositions of error urge this point. We do not agree.

We observe at this point that the taxpayer, the assessor, the district court and, later, the court of appeals, all construed the words "consigned" and "consignee" in

the first clause and the third clause as excluding one who is the owner of the goods shipped, thus making a distinction between "consignee" and "owner".

As we shall see, this distinction between "consignee" and "owner" is immaterial in the view we take of the proper construction of Clause 2 of § 6A, since these terms do not appear therein. Under our interpretation of the portion of language of the amendment governing the result in this case, it was not required that appellee, taxpayer, be a consignee, as distinguished from an owner.

■ The principal question presented as stayed by appellant, county assessor, is as to whether the inventory of goods, wares and merchandise owned by Crescent Precision Products, Incorporated, shipped from outside Oklahoma (thereafter processed as shown in the evidence) and not detained more than nine (9) months within the State was nontaxable. He says it was not and that the trial court erred in holding to the contrary. We do not agree.

In the case of Shaw, State Auditor, v. Grumbine, 137 Okl. 95, 278 P. 311, quoting from Lake County v. Rollins, 130 U.S. 662, 9 S.Ct. 651, 32 L.Ed. 1060, we said:

"* * * The object of construction, applied to a Constitution, is to give effect to the intent of its framers, and of the people in adopting it. This intent is to be found in the instrument itself; and when the text of a constitutional provision is not ambiguous, the courts, in giving construction thereto, are not at liberty to search for its meaning beyond the instrument.

"To get at the thought or meaning expressed in a statute, a contract or a Constitution, the first resort, in all cases, is to the natural signification of the words, in the order of grammatical arrangement in which the framers of the instrument have placed them. If the words convey a definite meaning which involves no absurdity, nor any contradiction of other parts of the instrument, then that meaning, apparent on the face of the instrument, must be accepted, and neither the courts nor the legislature have the right to add to or take from it."

To the same general effect, see State ex rel. Kerr, Governor, v. Grand River Dam Authority, 195 Okl. 8, 154 P.2d 946; and Boswell v. State, 181 Okl. 435, 74 P.2d 940.

With these rules in mind, we now examine § 6A. It is apparent that § 6A consists of three grammatically complete and independent clauses, each with its own subject, which are mutually supportive of and complementary to each other and yet each expressing a complete thought with no ambiguities or absurdities. There are no adjectives or other words in the second clause requiring or suggesting that it is so modified by the first clause as to require incorporation therein of the words "consigned" or "consignee". The subject of the first clause is limited to property *consigned*; the subject of the second clause ("goods, wares and merchandise") is not so limited. If, for instance, the subject of the second clause had been "such property", it would then have been necessary to refer to the first clause in order to determine what property was intended, but such is not the case. Insofar as the facts of this case are concerned, clauses 1 and 2, except as being mutually supportive of and complementary to each other, are independent and coordinate, having different subjects, and each capable of standing alone. It thus cannot be said that the first clause modifies the second clause or that the limitations of the first clause are "carried over" into the second one.

We hold that the property described is not subject to taxation in the second clause of § 6A is not limited to property in the hands of one not the owner thereof.

The judgment of the Court of Appeals, Division No. 1, is therefore vacated, and the judgment of the trial court is affirmed.

All the Justices concur.