Douglas C. WIXSON, Petitioner,

v.

Robert G. GREEN, Judge of the District Court of Tulsa County, Respondent.

No. 47165.

Supreme Court of Oklahoma.

April 16, 1974.

Sanders, McElroy & Carpenter by Jerry H. Holland, Tulsa, for petitioner.

Robert M. Butler, Tulsa, for respondent.

WILLIAMS, Vice Chief Justice.

This is an application by Douglas C. Wixson for this Court to assume original jurisdiction and issue a writ of prohibition to the respondent judge to prevent him from exercising further jurisdiction in a certain action now pending in the trial court. Since that action involves a question of public importance and widespread interest relating to the continuing residence in his district by a member of the State Legislature, we have concluded that we should assume original jurisdiction.

The action in the trial court was filed by a Mr. Fred Stites, an unsuccessful candidate for the office now held by State Representative Douglas C. Wixson, who represents District No. 67 in Tulsa County. In his amended petition Mr. Stites alleged that on June 23, 1969, while Mr. Wixson was serving as State Representative for District No. 67, he removed his residence from District No. 67 and resided outside the district from that time until February 9, 1971, when he moved his residence back into the district. There is no allegation that Representative Wixson at any time failed to perform the duties of his office, no allegation that he is presently disqualified from holding it, and no allegation that any other person at any time claimed it. Stites prayed that Wixson be required to return all moneys he received as salary for the period in question to the "appropriate governmental body of the State of Oklahoma" with interest, and that costs and attorney fees be assessed against him.

Defendant Wixson filed a demurrer to the amended petition upon the grounds, among others, that no cause of action was stated and that the trial court was without jurisdiction. While conceding in the journal entry that "serious questions of law exist", the trial court overruled the demurrer and held further action in abeyance in order that defendant Wixson might institute this original proceeding.

In his briefs in this Court, defendant Wixson, petitioner here, repeats the arguments noted above that (1) no cause of action was stated and (2) the trial court was without jurisdiction.

These arguments must be sustained. As to the first one, under the allegations of the amended petition, Wixson was at least a de facto officer. In Ajax Contractors, Inc., v. Myatt. Okl., 424 P.2d 30, this court considered an attack upon the validity of an act of a city council which depended upon the vote of a city councilman who, after being elected and qualifying for the office, allegedly moved out of the ward from which he was elected. In sustaining the act of the city council which depended upon a vote of the councilman whose right to vote was questioned, this Court held:

> "An 'officer de facto' is one whose acts, though not those of a lawful officer, the law, upon principles of policy and justice, will hold valid so far as they involve the interest of the public and third persons, where the * * * functions of the office are exercised by one who was in the actual possession of it under color of title."

In the case now before us, defendant Wixson, who allegedly moved out of his district after being elected to represent it, is in the same position as the city councilman in *Ajax,* who moved out of his ward after being elected to represent it. We therefore hold that, under the allegations of Stites' amended petition Wixson was at least a de facto, if not a de jure, member of the State Legislature.

It may be conceded that in *Ajax,* the question of the right of the de facto city councilman to retain the salary of his office was not raised, and no case cited in which this Court has dealt with that precise question. However, in Naylor v. Carter, State Auditor, 167 Okl. 125, 27 P. 2d 843, 93 A.L.R. 254, this Court in an original action granted a writ of manda-

mus compelling the State Auditor to pay the salary to one who was admittedly only a de facto officer. We think the holding in that case compels a conclusion here that, having been paid the statutory salary of a State Representative, defendant Wixson, who was at least a de facto member of the Oklahoma House of Representatives at the time involved, is entitled to retain the same. This holding seems to be in accord with the weight of authority. See 63 Am. Jur.2d Public Officers and Employees, § 514, to the following effect:

> "The courts are agreed that in the absence of statutory permission, salary which has been paid a de facto officer cannot be recovered by the public authorities, at least where, acting in good faith, he actually rendered the services for which he was paid. * * *"

Since under the allegations of plaintiff's amended petition Wixson was a de facto officer who was entitled to retain the salary paid him, such amended petition stated no cause of action, and was insufficient to invoke the jurisdiction of the trial court.

There is a second, and equally compelling, reason why the writ of prohibition must be granted. Under the allegations of plaintiff's own amended petition, Wixson was a de jure member of the House of Representatives prior to June 23, 1969. Such being true, the provision of Article V, § 30, Oklahoma Constitution, that each House shall be the judge of the * * * qualifications of its own members * * *" becomes pertinent. Although we have held, in effect, that this provision has "no field of operation until after election" and does not prevent the courts from construing the election laws, (See Williamson v. State Election Board, Okl., 431 P.2d 352 at 355 and State ex rel. Cloud v. State Election Board, 169 Okl. 363, 36 P.2d 20, 94 A.L.R. 1007), it was the prerogative of the House of Representatives and not the Courts to determine whether petitioner continued to meet the qualifications for membership set out in Article V, § 17.

The application to assume original jurisdiction and petition for writ of prohibition both are granted, and the trial court is directed to desist from any further proceedings in this matter.

DAVISON, C. J., and IRWIN, BERRY, HODGES, LAVENDER and BARNES, JJ., concur.

DOOLIN, J., concurs in part and dissents in part.

SIMMS, J., not participating.