AUSTIN, NICHOLS & CO., INCORPO-RATED, Austin, Nichols Distilling Company, Inc., Four Roses Distillers Company, Inc., Fromm and Sichel, Inc., General Wine and Spirits Company, Park Avenue Imports, Seagram Distillers Company, and Summit Marketing Company, Appellants,

v.

OKLAHOMA COUNTY BOARD OF TAX–ROLL CORRECTIONS, Appellee.

No. 51243.

Supreme Court of Oklahoma.

May 9, 1978.

Burck Bailey, Fellers, Snider, Blankenship & Bailey, Oklahoma City, for appellants.

Andrew M. Coats, Dist. Atty., and James P. Laurence, Asst. Dist. Atty., Oklahoma City, for appellee.

BARNES, Justice:

This is an appeal by Appellants, licensed non-resident sellers of alcoholic beverages, who were assessed personal property taxes on goods (alcoholic beverages) temporarily stored at a warehouse in Oklahoma County until sold to licensed liquor wholesalers in Oklahoma and surrounding States. The facts were stipulated and only a question of law is presented—the proper construction of Article X, § 6A, Oklahoma Constitution.

That section separated into numbered clauses to facilitate discussion, is as follows:

"(1) All property consigned to a consignee in this State from outside this State to be forwarded to a point outside this State, which is entitled under the tariffs, rules, and regulations approved by the Interstate Commerce Commission to be forwarded at through rates from the point of origin to the point of destination, if not detained within this State for a period of more than ninety (90) days, shall be deemed to be property moving in interstate commerce, and no such property shall be subject to taxation in this State; (2) provided, that goods, wares and merchandise, whether or not moving on through rates, shall be deemed to move in interstate commerce, and not subject to taxation in this State if not detained more than nine (9) months where such goods, wares and merchandise are so held for assembly, storage, manufacturing, processing or fabricating purposes; (3) provided, further, that personal property consigned for sale within this State must be assessed as any other personal property."

This section of our Constitution was adopted by the people on September 17, 1966.

The pertinent facts, stipulated to by the parties, are as hereinafter related: Each Appellant is administratively headquartered in New York, New York, and each ships its manufactured goods to Oklahoma from points outside Oklahoma other than New York. To facilitate the distribution and sale of Appellants' goods to wholesalers, Appellants established an accommodation warehouse in Oklahoma County, Oklahoma, where the goods are shipped and stored until sold to wholesalers in Oklahoma and surrounding States.

At the time of commencement of these proceedings, the County Assessor of Oklahoma County recognized that goods stored in Oklahoma County and sold by Appellants outside the State were exempt from taxation under Article X, § 6A, of the Oklahoma Constitution. Therefore, the scope of this appeal is limited to the question of the taxable status of the goods sold to wholesalers in Oklahoma.

Appellants' sales to wholesalers are initiated by orders from the wholesalers. Wholesalers' purchase orders may be forwarded from the wholesalers directly to Appellants or placed at the warehouse for transmission to Appellants. In either case, the decision to sell to the wholesaler is made by Appellants at their administrative headquarters and not by the warehouse. After processing the order and upon credit review by Appellants, if the goods are to be sold, Appellants order the warehouse to release the goods to the wholesalers. The wholesalers pick up the goods by truck at the warehouse.

Invoicing and payment is conducted directly between Appellants and the wholesalers. Title to the goods passes from Appellants directly to the wholesaler and does not pass to the warehouseman in the distribution process. Inventory figures indicate that the goods are not retained in the warehouse in excess of nine months prior to sale to wholesalers.

Appellants herein protested the addition of their merchandise to the Oklahoma County tax rolls on the ground that their goods were exempt from taxation under the second clause of Article X, § 6A, supra. Appellee, Oklahoma County Board of Tax-Roll Corrections, denied the exemption by its order of December 20, 1976. Each Appellant tendered the disputed taxes under protest to the Oklahoma County Treasurer.

Appellants then appealed to the District Court of Oklahoma County, and the case was submitted on an agreed stipulation of facts and briefs. On July 5, 1977, the Trial Court rendered its decision affirming the Board.

The Trial Court found that (1) Appellants' goods, wares and merchandise shipped into Oklahoma County and stored for periods of less than nine months for sale to wholesalers in Oklahoma are not exempt from personal property taxes in Oklahoma County under Article X, § 6A, of the Oklahoma Constitution; (2) that the exemption granted by the second clause of § 6A is applicable only to goods, wares and merchandise shipped to points outside the State; (3) that the third clause of § 6A is indicative of the requirement that goods, wares and merchandise must be shipped to points outside the State of Oklahoma to be exempt under the second clause; and (4) that Appellants' goods, wares and merchandise are consigned for sale in Oklahoma within the meaning of the third clause of § 6A and are not exempt from personal property taxes. From that judgment Appellants bring the present appeal.

The issue before this Court is whether the second clause of § 6A, supra, affords an exemption to "goods, wares and merchandise" shipped into Oklahoma from outside the State and detained in storage for periods of less than nine months without regard to the final destination of the shipment, or whether § 6A, supra, must be read to include an *additional* requirement that "goods, wares and merchandise" must leave the State to be exempt.

The Trial Court read into the second clause the requirement that the goods *leave* the State prior to the expiration of nine months.

Appellants contend the Trial Court erred, and that the plain language of the second clause of § 6A, supra, renders the goods tax exempt if they are not detained in storage more than nine months, whether or not sold to wholesalers in Oklahoma or outside the State. In support of this position, Appellants rely on *In re Assessment of 1969,*

*Crescent Precision Products, Inc.,* 514 P.2d 933 (Okl.1973), wherein we said:

" * * * It is apparent that § 6A consists of three grammatically complete and independent clauses, each with its own subject, which are mutually supportive of and complementary to each other and yet each expressing a complete thought with no ambiguities or absurdities. There are no adjectives or other words in the second clause requiring or suggesting that it is so modified by the first clause as to require incorporation therein the words 'consigned' or 'consignee'. The subject of the first clause is limited to property *consigned*; the subject of the second clause ('goods, wares and merchandise') is not so limited. If, for instance, the subject of the second clause had been 'such property', it would then have been necessary to refer to the first clause in order to determine what property was intended, but such is not the case. Insofar as the facts of this case are concerned, clauses 1 and 2, except as being mutually supportive of and complementary to each other, are independent and coordinate, having different subjects, and each capable of standing alone. It thus cannot be said that the first clause modifies the second clause or that the limitations of the first clause are 'carried over' into the second one."

Appellants urge this language disposes of the issue in this appeal, for the second clause alone clearly exempts from taxation (1) "goods, wares and merchandise"; (2) "if not detained more than nine (9) months"; (3) "where such goods, wares and merchandise are so held . . . for storage * * *." Appellants assert the Trial Court erred in reading provisions of the first and third clauses into the second clause. The question in that case was whether or not the inventory of goods, wares and merchandise owned by Crescent, shipped from outside Oklahoma (thereafter processed as shown in the evidence) and *not detained more than nine months within the State before being shipped out of State,* was non-taxable. That is not the question in this case. The language relating to the

separate treatment of the three paragraphs in *Crescent, supra*, relates to specific language contained in one paragraph, "consigned" or "consignee", and not in the other, while in the case under consideration the whole object of the constitutional amendment was to exempt property moving through Oklahoma from one State to another.

■ In further support of their position, Appellants urge the persuasiveness of Attorney General's Opinion No. 65–215, which interpreted § 2 of Senate Bill No. 438, which was identical to § 6A, supra. That opinion analyzed the second clause of § 6A as follows:

"This portion is apparently directed at a situation similar to that presented in the aforementioned opinion; that is, property which is shipped into this State, placed in storage at a company warehouse or assembly point, remaining there until same is assembled, manufactured, processed, fabricated *or merely awaiting a future sale or shipment to a point that may be within or without this State*, which is not ascertainable until some unknown future date. This portion provides that goods may be shipped into this State and stored for at least nine months within this State for the described purposes and same shall be deemed goods moving in interstate commerce and exempt from the taxing power of this State." (Emphasis ours.)

In analyzing the weight to be given to an Attorney General's opinion, Appellants rely on *Terry v. Edgin*, 561 P.2d 60 (Okl.1977), which held that silence by the Legislature may be regarded as acquiescence or approval of the interpretation placed upon statutory provisions by the Attorney General. Although an Attorney General's opinion is persuasive, we are not bound by the opinion of the Attorney General.

■ On the other hand, Appellee contends that Article X, § 6A, supra, exempts from taxation only goods, wares and merchandise moving from one State to another State through Oklahoma, and Appellee points out the constitutional provision does not expressly exempt goods, wares and merchandise shipped into Oklahoma from another State, for sale in Oklahoma. Relying on several primary rules of construction to support its position, Appellee cites *Wimberly v. Deacon*, 195 Okl. 561, 144 P.2d 447 (1944), which said:

"* * * the meaning of constitutional provisions, as understood by those who framed and adopted the constitution, is to be ascertained and given effect. * * * (Cases cited)."

Further a constitutional amendment should be construed in the light of its purpose and given a practical interpretation so that the manifest purpose of the framers and people who adopted it may be carried out. *Capitol Steel & Iron Co. v. Fuller*, 206 Okl. 638, 245 P.2d 1134 (1952).

Appellee argues the intent of the framers of the amendment and of the people in adopting it was to establish Oklahoma as a "freeport" to take advantage of its central location for storage and fabrication of goods destined for sale outside of Oklahoma and not to exempt from taxation goods shipped into Oklahoma for sale within Oklahoma.

■ Appellee contends that the intent of the framers can be seen in the ballot title passed by the Legislature at the same time as the proposed amendment:

"Shall a Constitutional Amendment Amending Article X of the Constitution of the State of Oklahoma, by adding a new section thereto to be designated as Section 6A, providing that tangible personal property moving through Oklahoma from one State to another State shall not acquire situs within Oklahoma for purposes of taxation,

be approved by the people? 1967, S.J.R. No. 44, § 2." (Emphasis ours.)

This ballot title is a contemporaneous construction of the constitutional amendment and as such weighs heavily in determining its meaning. See *Wiseman v. Boren*, 545 P.2d 753 (Okl.1976).

■ We note that the burden of proving the existence of a deduction is on the indi-

vidual seeking the exemption and that constitutional provisions are strictly construed against those claiming exemption. *London Square Village v. Oklahoma County Equalization and Excise Board*, 559 P.2d 1224 (Okl.1976). Appellee suggests this burden should be particularly heavy where the construction sought would violate another provision of the Constitution. Article 10, § 5, of the Oklahoma Constitution, prohibits unequal taxation where it states:

> "Taxes shall be uniform upon the same class of subjects."

Appellee argues that Appellants' construction of § 6A, supra, would result in the goods, owned by the distiller and stored in warehouses in Oklahoma pending sale to Oklahoma wholesalers, being exempt from taxation if distilled outside Oklahoma and shipped in, whereas liquor distilled in Oklahoma and sold in Oklahoma would be subject to ad valorem taxes.

We agree with Appellee's position that the ultimate destination of goods, wares and merchandise is material under § 6A. We hold the use the property is put to and the length of time it is present in Oklahoma determines whether it is exempt under § 6A, supra, but in order to be exempt from taxation the final destination has to be out of State. We conclude that Article X, § 6A, supra, of the Oklahoma Constitution, does not exempt Appellants' goods from taxation, and, therefore, the judgment below is affirmed.

AFFIRMED.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, IRWIN, BERRY, SIMMS and DOOLIN, JJ., concur.