Dear Honorable Willis,
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question:
Are goods brought into the State of Oklahoma for retail sales purposesincluded in the tangible personal property exemption set forth in theOklahoma Constitution, Article X, Section 6A?
The Oklahoma Constitution, Article X, Section 6A, defines property deemed to move in interstate commerce and expressly exempts such property from ad valorem taxation. The definition includes:
 ". . . goods, wares and merchandise whether or not moving on through rates . . . if not detained more than nine (9) months where such goods, wares and merchandise are so held for assembly, storage, manufacturing, processing or fabricating purposes; provided, further, that personal property consigned for sale within this State must be assessed as any other personal property." Emphasis added
The pertinent constitutional language carves out an exemption from taxation of tangible personal property. Three standards must be satisfied to qualify for the exemption: (1) Detention cannot exceed nine (9) months. (2) The goods, wares or merchandise can be held only for assembly, storage, manufacturing, processing or fabricating purposes. (3) The personal property cannot be consigned for sale within this state.
In Austin, Nichols Co. v. Oklahoma County Board of Tax-Roll Corrections, 578 P.2d 1200 (Okla. 1978), the Court was confronted with the following stipulated facts: Each corporate taxpayer was headquartered in New York and shipped its manufactured goods to Oklahoma from points outside Oklahoma other than New York. To facilitate the distribution and sale of goods to wholesalers, the taxpayers established an accommodation warehouse in Oklahoma, where the goods were shipped and stored until sold to wholesalers both within and outside of the state. The County Assessor conceded that goods stored in-state and sold outside the state were included within the exemption under Article X, Section 6A. The question was limited to the taxable status of the goods sold to wholesalers in Oklahoma. The Court stated:
 "We note that the burden of proving a deduction is on the individual seeking the exemption and that constitutional provisions are strictly construed against those claiming exemption . . .
 ". . . the ultimate destination of goods, wares and merchandise is material under 6A. We hold the use the property is put to the length of time it is present in Oklahoma determines whether it is exempt under Article X, Section 6A, supra, but in order to be exempt from taxation the final destination has to be out of the State . . ." Emphasis added
 It is, therefore, the opinion of the Attorney General that yourquestion be answered as follows:
 Goods brought into the State of Oklahoma for sale purposes are exemptfrom ad valorem taxation under the Oklahoma Constitution, Article X,Section 6A, only if the final destination of such goods is out of Stateand the goods are held in state for a period of time not exceeding ninemonths. The burden of proving entitlement to the exemption is on thetaxpayer.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN PAUL JOHNSON, ASSISTANT ATTORNEY GENERAL