Dear Representative Easley,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following questions:
1. Does 68 O.S. 1101.1 (1988) govern the determination ofproperty exempt for ad valorem taxation in accordance with itsprovisions?
 2. Does the fact that the statute was codified under thePetroleum Excise Tax section, rather than the Gross ProductionTax section, have any effect on its validity?
 3. Does the existence of an apparent typographical error inthe heading bear upon the statute's effectiveness?
¶ 1 Title 68 O.S. 1101.1 (1988) was enacted by the Oklahoma Legislature in 1985 with an effective date of July 30, 1985. The statute provides, in pertinent part, that:
 The Oklahoma Tax Commission shall adopt rules and regulations which establish guidelines for the determination of property exempt from ad valorem taxation pursuant to the provisions of subsections (g) and (h) of 68 O.S. 1001 of the Oklahoma Statutes.
¶ 2 Subsection (h) of 68 O.S. 1001 provides, in pertinent part, that:
 The payment of taxes herein levied shall be in full, and in lieu of all taxes by the state, counties, cities, towns, school districts and other municipalities upon any property rights attached to or inherent in the right to said minerals[.]
¶ 3 Title 68 O.S. 1101.1 (1988) attempts to clarify at what point in time the payment of gross production taxes will exempt the statutorily authorized property from ad valorem tax assessment, stating that:
 "Payment of gross production tax" means payment of the tax levied by 68 O.S. 1001 of the Oklahoma Statutes on production during the calendar year immediately prior to January 1 of the year for which the assessment or valuation is made or on production during at least one of the first three (3) months of the year for which the assessment or valuation is made[.]
¶ 4 Some confusion has arisen over this issue because of the Oklahoma Supreme Court's decision in Oklahoma IndependentPetroleum Association v. Youngker, 769 P.2d 109 (Okla. 1988). The holding in the Youngker case was that:
 under the law applicable to this case, the rules must be that in order to exempt property from ad valorem tax, gross production tax must be levied for the month of January, the month containing the date upon which the ad valorem tax process begins.
769 P.2d at 113. (Emphasis added).
¶ 5 As is clear from the language emphasized immediately above, the Supreme Court recognized both that the underlying facts occurred prior to July 30, 1985, and that 68 O.S. 1101.1 was enacted, effective on that date. The Court's understanding in this regard is not undermined by an otherwise confusing footnote to its holding: "We are not sic aware of a recent enactment, effective July 30, 1985, which, though not affecting the present litigation, addresses itself to exemption of property from ad valorem taxation." Id. at 113, n. 7. Youngker, it follows, was intended to be dispositive only of those disputes arising prior to the enactment of 68 O.S. 1101.1.
¶ 6 The Legislative intent to expand the time period for payment of "in lieu taxes" is clear and unambiguous from a reading of the 68 O.S. 1101.1. The Youngker case, by its own terms, does not preclude the application of the statute from and after July 30, 1985. Therefore, the provisions of 68 O.S.1101.1 (1988) are dispositive of those issues occurring subsequent to July 30, 1985.
¶ 7 With regard to your second question concerning codification of the statute under the Petroleum Excise Tax section rather than the Gross Production Tax section of the Oklahoma statutes, it is important to consider the entire statutory scheme with a view to arriving at the true intention of the Legislature. In reFarmers' State Bank of Ames, 74 P.2d 1166 (Okla. 1938).
¶ 8 A review of the Session Laws wherein the statute was enacted indicates that the act was passed:
 requiring the Oklahoma Tax Commission to adopt regulations setting guidelines for determination of property exempt from ad valorem taxes under subsections (g) and (h) of 68 O.S. 1001.
¶ 9 Title 68 O.S. 1001 is entitled Gross Production Tax on Minerals, Oil and Gas. Subsections (g) and (h) of 68 O.S. 1001,
among other things, allow for exemptions from ad valorem taxes due to payment of gross production taxes.
¶ 10 It is apparent from a reading of the statute as a whole that 68 O.S. 1101.1 (1988) was intended to effect exemptions from ad valorem assessment due to payment of gross production taxes during certain time periods. Therefore the inclusion of this enactment under the heading of "Petroleum Excise Tax" would not affect the statute's import, nor would it vitiate the Legislature's clear intent.
¶ 11 Likewise, the typographical error in the heading to which you refer:
 Title 68 O.S. 1101.1. Property exempt from taxation pursuant to subsections (g) and (h) of Section 1101
of this title . . . is contained only in the reprinted statute book and not in the Session Laws wherein the law was enacted. The heading is not considered part of the statute as it is supplied by the publishing company. Therefore, the typographical error does not invalidate or lessen the effect of the statute.
 ¶ 12 It is, therefore, the official opinion of the AttorneyGeneral that title 68 O.S. 1101.1 (1988), regarding payments ofgross production taxes governs the determination of propertyexempt from ad valorem taxation as of its effective date, July30, 1985.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
ALICE S. MITCHELL ASSISTANT ATTORNEY GENERAL