Dear Chairman Ephraim,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
Is the State Board of Public Accountancy required to transferten percent of its gross fees to the General Revenue Fundannually?
¶ 1 Your question reflects the apparent conflict between 62O.S. 211 (1981), which provides:
 All self-sustaining boards created by statute to regulate and prescribe standards, practices, and procedures in any profession, occupation or vocation, shall at the close of each fiscal year hereafter file with the Governor and the State Auditor and Inspector a true and correct report of all fees charged, collected and received during the previous fiscal year and shall pay into the General Revenue Fund of the state ten percent (10%) of the gross fees so charged, collected and received by such board.
and 59 O.S. 15.7 (1981) which provides:
 All fees and other monies received by the Board [of Public Accountancy] pursuant to the provisions of this act shall be expended solely for the purpose of this act. After the close of each fiscal year the Board shall file with the Governor of this state a true and correct report of all fees charged, collected and received and all disbursements during the previous fiscal year, and the Board shall pay into the General Revenue Fund of the state ten percent (10%) of all annual registration fees so charged, collected and received, and no other portion shall ever revert to the General Revenue Fund or any other fund of the state.
¶ 2 Title 62 O.S. 211 (1981) appears to direct the Board of Public Accountancy, (the Board) as a self-sustaining Board meeting the description set out in 62 O.S. 211, to direct ten percent of the gross fees it receives to the General Revenue Fund. Title 59 O.S. 15.7 (1981), on the other hand, specifically prohibits the transfer by the Board to the General Revenue Fund of anything more than ten percent of its annualregistration fees. The statutes, both of which by their terms appear to apply to the Board, do seem to be in conflict.
¶ 3 The cardinal rule of statutory construction is to ascertain the intent of the Legislature, and, if possible, give effect to that intent. Magnolia Pipe Line Co. v. Oklahoma Tax Commission,167 P.2d 884 (Okla. 1946). To this end, a review of the legislative history of these two statutory sections is necessary.
¶ 4 62 O.S. 211 of the Oklahoma Statutes was first enacted in 1933. That original statute contained the following language:
 The State Board of Accounting, the State Board of Barber Examiners, Board of Chiropractic Examiners, Board of Dental Examiners, State Board of Embalming of Oklahoma, State Board of Examiners of Architects, State Board of Examiners of Nurses, State Board of Medical Examiners, State Board of Pharmacy, State Board of Veterinary Medical Examiners. The State Bar, The State Board of Osteopathy, Building and Loan Board, Board of Optometry, shall at the close of each fiscal year hereafter file with the Governor and State Auditor a true and correct report of all fees charged, collected and received during the previous fiscal year and shall pay into the general fund of the State ten percent of the gross fees so charged, collected and received by each of them.
Originally numbered Chapter 24, Article 25A, 4956a, O.S. Supp. 1934. (Emphasis added).
¶ 5 In 1947 the enumeration of specific agencies was removed and the language "all self-sustaining boards created by statute to regulate and prescribe standards, practices, and procedures in any profession, occupation or vocation," was substituted. 62O.S. 211 (1947). 62 O.S. 211, was again amended in 1979. The language, however, remained unchanged except for the change in reference from the "State Auditor" to the office of "Auditor 
Inspector." 62 O.S. 211 (1979).
¶ 6 Section 15.7 of title 59 of the Oklahoma Statutes was first enacted in 59 O.S. 15.7 (1965). Although the Board has been recreated many times 59 O.S. 15.7 has not been amended since that time. This section was enacted as a part of the Public Accountancy Act and reads as it appears above.
¶ 7 To avoid repeal by implication, the courts have stressed the need to construe statutes so as to give effect, if at all possible, to each section. The earlier statute will not be held to have been repealed by a later one unless the apparent conflict between the two is irreconcilable. Smith v. Southwestern BellTelephone Co., 349 P.2d 646 (Okla. 1960). If one statute concerns a subject in general and comprehensive terms, and another concerns a part of the same subject in a more minute and definite way, the two should be read together and harmonized to give intelligent effect to each. City of Tulsa v. Smittle,702 P.2d 367 (Okla. 1985); Reubin v. Thompson, 406 P.2d 263 (Okla. 1965); McLean v. State, 244 P.2d 335 (Okla. 1952); In Re:Farmers' State Bank of Ames, Okla., 74 P.2d 1166 (Okla. 1938); It is possible to harmonize title 62 O.S. 211 and title 59O.S. 15.7 in precisely this way. P
¶ 8 Section 211 of title 62 is one of several sections providing general procedures for the proper administration of state funds by the Office of State Finance. The provisions of 59O.S. 15.7 set out specific procedures and limitations to be followed by the Board of Public Accountancy regarding the use and distribution of funds they collect. The general provisions of 62O.S. 211 will not be inhibited by the Board of Public Accountancy following its own special statute. The two statutes can, in effect, be harmonized. The specific provisions of 59O.S. 15.7 (1981) control the transfer to the General Revenue Fund of fees collected by the Board of Public Accountancy, and62 O.S. 211 (1981) dictates the transfer of fees collected by all other self-sustaining Boards which meet the description therein.
¶ 9 It is, therefore, the official opinion of the AttorneyGeneral that the Board of Public Accountancy is not required totransfer ten percent of its gross fees to the General RevenueFund of the state annually as specified in 62 O.S. 211 (1981)but must only transfer ten percent of its registration fees tothe General Revenue Fund annually pursuant to 59 O.S. 15.7(1981).
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
REBECCA RHODES ASSISTANT ATTORNEY GENERAL