**KOAX CORPORATION, Appellant,**

v.

**OKLAHOMA COUNTY BOARD OF TAX ROLLS CORRECTIONS, and Joe B. Barnes, as Oklahoma County Treasurer, Appellees.**

No. 86085.

Court of Appeals of Oklahoma,
Division No. 3.

April 16, 1996.

**24**

Jeffrey H. Moorman, Oklahoma City, for Appellant.

Gretchen Crawford, Assistant District Attorney, Oklahoma City, for Appellees.

OPINION

ADAMS, Vice Chief Judge:

Appellant Koax Corporation requested an exemption from personal property taxes for the years 1987 through 1990, claiming its operations were covered by what it referred to as the "freeport exemption" contained in Article 10, § 6A of the Oklahoma Constitution. The Oklahoma County Board of Tax Roll Corrections (Board) denied that request, and Koax appealed that decision in the District Court of Oklahoma County, pursuant to 12 O.S.1991 § 951, naming Board and Appellee Barnes as parties (collectively, "County"). Both Koax and County moved for summary judgment. The district court granted County's motion and denied Koax's motion. Koax appeals.

1. The evidentiary materials included not only

In addressing Koax's argument that County was not entitled to summary judgment, we must examine the pleadings, depositions, affidavits and other evidentiary materials submitted by the parties and affirm if there is no genuine issue as to any material fact and County was entitled to judgment as a matter of law. *Perry v. Green,* 468 P.2d 483 (Okla.1970). All inferences and conclusions to be drawn from the evidentiary materials must be viewed in the light most favorable to Koax. *Ross v. City of Shawnee,* 683 P.2d 535 (Okla.1984). We are limited to the issues actually presented below, as reflected by the record which was before the trial court, rather than one that could have been assembled. *Frey v. Independence Fire and Cas. Co.,* 698 P.2d 17 (Okla.1985).

The sole issue before the district court was whether Koax qualified for a tax exemption pursuant to Article 10, § 6A of the Oklahoma Constitution for certain personal property under its control for the years 1987 through 1990. Section 6A, entitled "Tangible personal property moving through State—Situs," provides, in pertinent part:

[t]hat goods, wares and merchandise, whether or not moving on through rates, shall be deemed to move in interstate commerce, and not subject to taxation in this State if not detained more than nine (9) months where such goods, wares and merchandise are so held for assembly, storage, manufacturing, processing or fabricating purposes;

According to the evidentiary materials presented to the trial court, Koax and another corporation, Climate Master, Inc., are separate and distinct wholly-owned subsidiaries of LSB Industries, Inc. Koax receives parts and material from outside the state and assembles them into component parts for heat pumps. Approximately ninety-five percent of the component parts produced are then sold to Climate Master for assembly into heat pumps. The remaining five percent are shipped out of state for sale. Approximately ninety-nine percent of the heat pumps assembled by Climate Master are sold out of state. The entire process takes less than six months.[1]

affidavits by an individual identified as the Presi-

In *Austin, Nichols and Company, Inc. v. Oklahoma County Board of Tax–Roll Corrections,* 578 P.2d 1200 (Okla.1978), the Court considered a claim for exemption for alcoholic beverages that were shipped from New York to Oklahoma for storage less than 9 months until sold to wholesalers in Oklahoma. The Court held that § 6A did not exempt those goods. The uncontroverted facts of this case are similar. Prior to being assembled into heat pumps and shipped out of state, the parts and materials used by Koax to assemble component parts were sold in Oklahoma to a distinct legal entity.

Koax argues that we should disregard the separate legal identities of Koax and Climate Master and treat these operations as a single unit. However, they have cited no authority for ignoring the distinct manner in which the companies have chosen to conduct business and the separate legal identities voluntarily created by their owners. We have discovered no authority allowing us to relieve them of adverse consequences of that decision merely because it is to their advantage to do so.

The uncontroverted facts, as shown by the materials presented to the district court, are consistent only with the conclusion that the personal property for which Koax sought the tax exemption was first sold by Koax in the state. Accordingly, that property is not covered by the "freeport exemption," and the judgment of the district court is affirmed.

AFFIRMED.

HANSEN, P.J., and BUETTNER, J., concur.

dent of both Koax and Climate Master, but also admissions by Koax contained in a motion filed by Koax for a temporary restraining order and temporary injunction that all of its sales for the relevant period were "inter-company sales to companies wholly owned by LSB Industries, Inc."