Dear Representative Pettigrew,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. If a member of the Oklahoma Legislature is elected to serve a full term, but resigns before the full term is completed, is that partial term included in the 12-year limitation set forth in Article V, Section 17A of the Oklahoma Constitution?
 2. If a member of Oklahoma's House of Representatives who has served five two-year terms of office is elected to a full term in the Senate, is that individual eligible to complete the four-year Senate term to which the member is elected?
 3. If a member of the Oklahoma Legislature resigns during the member's twelfth year in office, a special election to fill the member's vacated seat cannot be conducted, and the member is elected at the General Election to a full term in the Legislature, can the member complete the new full term of office?
 I. Constitutionally Imposed 12-Year Limit On Service In The Legislature.
¶ 1 Your questions relate to Article V, Section 17A of the Oklahoma Constitution. Section 17A established what has been referred to as "term limits" for members of the Oklahoma Legislature who are elected to office after the effective date of January 1, 1991.[1] The phrase "term limits" is a misnomer when applied to Oklahoma's constitutional provision because Article V, Section 17A limits the number of years, not the number of terms, Legislators can serve in the Oklahoma State Legislature. See id.
¶ 2 The first two sentences of Article V, Section 17A provide that members of the Legislature shall not be eligible to serve more than 12 years in the Legislature, stating:
 Any member of the Legislature who is elected to office after the effective date of this amendment shall be eligible to serve no more than 12 years in the Oklahoma State Legislature. Years in Legislative office need not be consecutive and years of service in both the Senate and the House of Representatives shall be added together and included in determining the total number of Legislative years in office.
Id. (emphasis added).
¶ 3 As the language of this portion of Article V, Section 17A indicates, the 12-year service limitation is a lifetime limit which includes service in either house of the Legislature, and applies to years of service, whether or not the service is consecutive.
 II. Article V, Section 17A Provides Two Exceptions To Its Mandate That Years Of Service In The Senate And House Shall Be Added Together In Determining The Total Number Of Years In Office.
¶ 4 The remaining portion of Article V, Section 17A establishes two exceptions to the 12-year service limitation placed on Legislative service:
 The years served by any member elected or appointed to serve less than a full Legislative term to fill a vacancy in office shall not be included in the 12-year limitation set forth herein; but no member who has completed 12 years in office shall thereafter be eligible to serve a partial term. Any member who is serving a Legislative term in office or who has been elected or appointed to serve a term in office on the effective date hereof shall be entitled to complete his or her term and shall be eligible to serve an additional 12 years thereafter. This amendment shall be effective on the 1st day of the year following its adoption.
Id.
¶ 5 The first exception to the 12-year limit placed on Legislative service provides that members who were serving in the Legislature on January 1, 1991, or who were elected or appointed on January 1, 1991, were entitled to complete their terms, and those terms are not counted as part of their 12-year limitation on service in the Legislature. Okla. Const. art. V, § 17A; seealso A.G. Opin. 90-37 at 101.
¶ 6 The second exception provides that years of service in the Senate and House shall be added together in determining whether a Legislator has reached the 12-year limitation on service. "The years served by any member elected or appointed to serve lessthan a full Legislative term to fill a vacancy in office shall not be included in the 12-year limitation set forth" in ArticleV, Section 17A of the Oklahoma Constitution. While this second exception deals with service of partial terms served by Legislators, the exception does not encompass all partial terms served; it only encompasses service of a partial term due to a vacancy in office, when the appointment or election is to serve out the remainder of the term caused by a vacancy. Thus, this exception does not cover partial terms served by a Legislator who was elected to serve a full term.
 III. A Partial Term Served By A Legislative Member Elected to A Full Term Counts Toward The 12-Year Service Limit Established By Article V, Section 17A Of The Oklahoma Constitution.
¶ 7 You first ask if a member of the Oklahoma Legislature is elected to serve a full term, but resigns before the term is completed, is that partial term included in the 12-year service limitation set forth in Article V, Section 17A?
¶ 8 In construing Article V, Section 17A to determine whether the partial term served by a Legislative member who is elected to a full term but only serves part of the full term, counts toward the 12-year service limitation, we apply the rules of statutory construction. Constitutional provisions are generally construed using the same rules of construction as are applied to statutes.Cowart v. Piper Aircraft Corp., 665 P.2d 315, 317 (Okla. 1983).
¶ 9 As a general rule of statutory construction, the expression of an exception in a statute indicates that no other exception applies. Copeland v. Toyota Motor Sales U.S.A., Inc.,136 F.3d 1249, 1257 (10th Cir. 1998) (quoting 2A Norman J. Singer, Sutherland's Statutes and Statutory Constr. § 47.11 (5th ed. 1992)); see also Sutherland's § 47:23 at n. 22. Article V, Section 17A of the Oklahoma Constitution contains an express exception for partial terms served by a Legislator who iselected or appointed to serve "less than a fullLegislative term" to fill a vacancy. See Okla. Const. art. V, § 17A. Article V, Section 17A does not create an exception for partial terms served by a Legislator who is elected to serve a full term. See id. Because Article V, Section 17A of the Oklahoma Constitution has an express exception to the 12-year limitation on service in the Legislature for partial terms served by a Legislator who is elected or appointed to serve less than a full Legislative term, but does not have an exception for a partial term served by a member elected to serve a full Legislative term, years served by a member elected to serve a full Legislative term are counted as part of the 12 years a member of the Legislature is permitted to serve. CompareCopeland, 136 F.3d at 1257 and Sutherland's § 47:23 at n. 22.
¶ 10 Including partial terms of members elected to full Legislative terms in the 12-year limitation furthers the intent of the people in voting for the 12-year service limitation for Legislative members. Indeed, if partial terms of members elected to full terms were not included in the 12-year limitation, a member could be elected to full terms over and over, resigning one day before the end of each full term, and never have any years counted toward the 12 years the member is permitted to serve. This would defeat the intent of the people in enacting the 12-year service limitation for Legislative members.
¶ 11 The Arkansas Attorney General reached a similar conclusion with regard to Arkansas's term limitation amendment. See Ark. Op. Atty. Gen. 2000-071. The Arkansas term limit provision places a limit on the number of terms served rather than the number of years served. Id. Nevertheless, in addressing the question of whether a Legislator must count a term in which the Legislator voluntarily resigns, the Attorney General concluded it would frustrate the people's intention in enacting term limits if a Legislator elected to a full term could resign "just before the end of each term, so that none of his terms would `count' toward the term limitation." Id.
 IV. A Legislative Member Is Not Permitted To Complete A Full Term If the Member Reaches The 12-Year Service Limitation Established by Article V, Section 17A of the Oklahoma Constitution Before The End Of A Full Term.
¶ 12 The Oklahoma Supreme Court previously decided in Earnestv. Oklahoma State Election Board, Case No. MA-98047, that a Legislator is qualified to be a candidate for election to a full Legislative term of office even if the Legislator will reach the 12-year limitation on service in the Legislature before the end of the full term for which the Legislator seeks election. Seeid. However, the court's decision left open whether such a candidate, if elected, would be allowed to complete the full term, thereby permitting the Legislator to serve more than 12 years in the Legislature. This latter question, whether Legislative members can complete full terms to which they are elected if doing so causes them to exceed 12 years in office, is one of first impression in Oklahoma.
¶ 13 In construing Article V, Section 17A, we must look to other provisions of the Oklahoma Constitution to ensure that our construction does not offend other constitutional provisions relating to Legislative service. In construing constitutional provisions, we must determine the intent of the people in adopting the constitutional provisions, as far as practicable, to reconcile the different provisions of the Constitution to make them consistent and harmonious, giving sensible and intelligent effect to each. In re Farmers' State Bank, 74 P.2d 1166, 1168
(Okla. 1937).
¶ 14 Thus, in construing Article V, Section 17A, we examine the provision of Article V of the Oklahoma Constitution dealing with terms of service in the Legislature. The first of these is Section 9A of Article V of the Oklahoma Constitution, which provides that a member of the Oklahoma Senate "shall hold office for four years." In similar fashion, Section 10A of Article V provides that a member of the Oklahoma House of Representatives "shall hold office for two years." We must reconcile the language in Article V, Sections 9A and 10A, with Article V, Section 17A's 12-year limit on service in the Legislature. What happens if a Senator or Representative is elected, but cannot hold office for a full term without exceeding the 12-year limitation set forth in Article V, Section 17A? To answer this question, we must determine what, if anything, Sections 9A and 10A of Article V of the Oklahoma Constitution require with regard to Legislative service. To make this determination, we can look at the ballot title of State Question No. 416, which adopted Article V, Sections 9A and 10A. A ballot title is given great weight in determining the meaning of a constitutional amendment. Austin,Nichols Co. v. Okla. County Bd., 578 P.2d 1200, 1203 (Okla. 1978). "This ballot title is a contemporaneous construction of the constitutional amendment and as such weighs heavily in determining its meaning." Id.
¶ 15 Sections 9A and 10A of Article V were added by State Question No. 416, adopted at an election held on May 26, 1964. The ballot title demonstrates that the intent of the amendment was to apportion the State into Senate and House Districts and toestablish terms of office, providing:
The gist of the proposition is as follows:
 Shall a constitutional amendment repealing Sections 9 through 16; adopting Sections 9A, 10A, 11A, 11B, 11C
and 11D, Article V, Oklahoma Constitution; apportioning Oklahoma into 19 one-county, and 29 two-county Senatorial Districts electing one Senator each; apportioning counties one State Representative for each one-precinct [sic] or fraction thereof, of State's population therein up to four Representatives, then one for each two-percent; upon failure of Legislature, Reapportionment Commission shall apportion Legislature, with review by Oklahoma Supreme Court; and establishing two and four year terms of office for Representatives and Senators, respectively, be approved by the people?
1 Okla. State Election Bd., Okla. Elections: Statehood to Present C-455 (1994) (emphasis added).
¶ 16 Given the Legislative history of Article V, Section 9A, its intent was to establish that each Senatorial District will have one Senator, and that the term of office of each Senator will be four years. Similarly, given the Legislative history of Article V, Section 10A, its intent was to establish the number of Representatives for each county and establish a two-year term of office for each Representative. Indeed, the ballot title for State Question No. 416 speaks of "establishing two and four year terms of office."
¶ 17 Neither Section 9A nor Section 10A mandates a service requirement which requires each Legislator to serve a specified number of years. The measures replaced provisions which apportioned House and Senate Districts and provided for theterms of office. The measure constitutionally established theterms of office, thus limiting the Legislature's power to eitherreduce or enlarge a Senator's or House Member's term of office.
¶ 18 Having determined that Article V, Sections 9A and 10A do not require four-year and two-year service requirements, respectively, reconciling Sections 9A and 10A with Article V, Section 17A is simple. Section 17A states that members of the Legislature shall be eligible to serve "no more than 12 years in the Oklahoma State Legislature." Id. Giving effect to the language of Section V, Section 17A, and the intent of Article V, Sections 9A and 10A, as evidenced by the provisions' language and by the ballot title to State Question No. 416 that added Sections 9A and 10A, a Legislator is limited to serving 12-years in the Legislature, even if there are remaining years on the Legislator's term, except for the express exceptions set forth in Article V, Section 17A for members appointed or elected to filla vacancy in office and for members completing terms that were in effect on or before January 1, 1991.
¶ 19 The Oklahoma Constitution does not compel Legislators to serve all years of their terms, as there are no service requirements established by Sections 9A and 10A. Under the provisions of Article V, Section 17A, Legislators are therefore not permitted to serve beyond 12 years even if they have remaining years left on their terms. Service beyond 12 years in the Legislature, absent one of the exceptions in Article V, Section 17A, would violate the Oklahoma Constitution.
¶ 20 When an issue arises regarding a Legislative member's continuing eligibility to serve because of the 12-year service limitation set forth in Article V, Section 17A, the members of the Legislative body in which the Legislator is serving must determine that issue. See Okla. Const. art. V, § 30 ("[e]ach House shall be the judge of the elections, returns, and qualifications of its own members"); Wixson v. Green,521 P.2d 817, 819 (Okla. 1974) (where a petitioner was a de jure member of the House of Representatives, "it was the prerogative of the House of Representatives and not the Courts to determine whether [the] petitioner continued to meet the qualifications for membership"). Under the mandate of the 12-year service limitation of Article V, Section 17A, once a member of the Legislature serves 12 years, not falling within either of the exceptions of that Section, the member is ineligible to continue to serve in the Legislature, even if that member's term of office has not yet expired.
 V. Members Of The Legislature Who Resign During Their Twelfth Year In The Legislature, Before The End Of Their Full Terms, Who Are Elected To A New Full Term Of Office, Are Not Eligible To Complete The New Terms To Which They Are Elected.
¶ 21 Your last question deals with a situation in which a Legislator resigns during the Legislator's twelfth year in office, a special election to fill the Legislator's vacant seat cannot be conducted, and the Legislator is elected to the seat the Legislator vacated for a new full term.[2] We answered your first question saying a Legislator who is elected to a full term who resigns before the end of the Legislator's full term must count that partial term as part of the 12 years the Legislator is permitted to serve pursuant to Article V, Section17A of the Oklahoma Constitution. Because the Legislator in your last question served more than 11 of the 12 years the Legislator is allowed to serve, the member could not complete the new term of office to which the member is elected. After the Legislator has completed so much of the new term as to have completed 12-years in the Legislature, the Legislator is ineligible to further serve. Further service would be a violation of Article V, Section 17A of the Oklahoma Constitution.
¶ 22 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Article V, § 17A of the Oklahoma Constitution limits the number of years any individual member of the Legislature may serve in the Legislature. That limitation provides any member of the Legislature who is elected to office after the effective date of the provision," shall be eligible to serve no more than 12 years in the Oklahoma State Legislature." Id. In calculating the years served for purposes of the 12-year service limitation, years served in the Legislature need not be consecutive, and years of service in both the Senate and the House of Representatives are added together. Id.
 2. Article V, Section 17A of the Oklahoma Constitution, which became effective January 1, 1991, contains two specific exceptions to the 12-year Legislative service limitation it imposes:
 a. Under the first exception, years of service in a term to which a member was elected or appointed on or before January 1, 1991, are not included in determining the total number of years a member of the Legislature has served.
 b. Under the second exception, years served in a partial term to which a member was elected or appointed "to serve less than a full Legislative term" do not count toward the 12-year service limitation set forth in Article V, Section 17A, because a partial term to fill a vacancy is not included in determining whether a member has completed 12 years of service.
 3. Under Article V, Section 17A of the Oklahoma Constitution, a member of the Oklahoma Legislature elected after January 1, 1991, is ineligible to serve more than 12 years in the Oklahoma Legislature. Therefore, a member of the Oklahoma House of Representatives who has served five two-year terms of office and is then elected to a full four-year term in the Senate, is ineligible to complete the full four-year Senate term to which the member was elected. The member's service beyond 12 years in the Legislature would violate Article V, Section 17A of the Oklahoma Constitution.
 4. Under Article V, Section 17A of the Oklahoma Constitution, years of Legislative service in a full term to which a member was elected after January 1, 1991, are included within the provision's 12-year service limitation even when the member voluntarily resigns and thus does not complete the member's term, because the provision's "partial term" exception only applies to years of service by a member "elected or appointed to serve less than a full Legislative term to fill a vacancy." Okla. Const. art. V, § 17A. Thus, when a Legislative member is elected to a full term, resigns before completing the twelfth year in office and a special election cannot be held to fill the vacated seat, that member is ineligible to complete the new full term of office. The member's service beyond 12 years in the Legislature would violate Article V, Section 17A of the Oklahoma Constitution.
 5. When issues arise regarding a current Legislative member's eligibility to continue to serve because of Article V, Section 17A's 12-year Legislative service limitation, the Legislative body in which the term-limited Legislator is serving, under the provisions of Article V, Section 30, must determine any issues regarding the member's qualifications to continue to serve. Okla. Const. art. V, § 30.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 JANIS W. PRESLAR Assistant Attorney General
[1] "This amendment shall be effective on the 1st day of the year following its adoption." Okla. Const. art. V, § 17A; seealso A.G. Opin. 90-37 at 98, 100 (stating the amendment was adopted in1990 becoming effective January 1, 1991).
[2] The General Election for members of the Legislature is held every even-numbered year for members whose terms expire before the next succeeding General Election, on the first Tuesday succeeding the first Monday in November. 26 O.S. 2001, § 1-101[26-1-101].
If a vacancy occurs in the Legislature the Governor shall, within thirty days of the vacancy occurring, issue a proclamation setting the filing period and dates for an election to fill the vacancy in accordance with 26 O.S. 2001, § 12-108[26-12-108]. Okla. Const. art. V, § 20; 26 O.S. 2001, § 106[26-106](A). However, no Special Election shall be called by the Governor if the vacancy occurs after March 1 of any even-numbered year if the term of office expires that same year. 26 O.S. 2001, § 106[26-106](A).